UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19-CV-81549

DUSTIN SYLVIA, MEGAN RESMANN,
and SHANE LOUGHRAN,

    Plaintiffs,

v.

DRINK MORE, INC.
D/B/A TERRA FERMATA,
and ERIC P. WICKSTORM, individually.

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Plaintiffs Dustin Sylvia ("Sylvia"), Megan Resmann ("Resmann"), and Shane Loughran ("Loughran"), collectively, the "Plaintiffs," were employees of Defendants Drink More, Inc. d/b/a Terra Fermata ("Terra") and Eric P. Wickstorm ("Wickstorm"), collectively, the "Defendants," and bring this action for retaliation, unpaid overtime and unpaid minimum wage compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.110 *et seq.*

### Parties, Jurisdiction and Venue

1. Plaintiffs are currently residents of Martin County, Florida, are over the age of 18 and otherwise *sui juris*.

2. Defendant Terra is a Florida for profit corporation, which has its principal place of business located at 26 SE 6th Street in Stuart, Martin County, Florida, where Plaintiffs worked for Defendant Terra.

3. At all times relevant to this Complaint, Defendant Terra has been engaged in interstate commerce and is a covered employer for purposes of the FLSA.

4. Defendant Wickstorm has at all times material hereto owned a business operating in Martin County, Florida, within the jurisdiction of this Court.

5. This action is brought to recover from Defendants for unpaid overtime and minimum wage compensation, back pay, liquidated damages, emotional distress, humiliation, pain and suffering, front pay, and injunctive relief, as well as for the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. § 216(b) and the FMWA, Fla. Stat. §448.110(6)(c).

6. Jurisdiction is conferred on this Court by 28 U.S.C. § 1337, 29 U.S.C. § 216(b), and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

7. Venue in this District is proper because the causes of action upon which this action is based accrued in Martin County, Florida, Defendant Terra is a corporation doing business in this judicial district, within the meaning of 28 U.S.C. § 1391(c), and Defendant Wickstorm is a resident of Martin County, Florida

## General Allegations

8. At all times material to this Complaint, Defendant Terra had two (2) or more employees who regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

9. The annual gross revenue of Defendant Terra was at all times material hereto in excess of $500,000.00.

10. At all times material, Defendant Terra was an enterprise engaged in interstate commerce as defined by § 3(r) and 3(s) of the FLSA, 29 U.S.C. §§203(r) and 203(s).

11. At all times material hereto, Defendant Wickstorm managed and/or operated Defendant Terra, and regularly exercised the authority to hire and fire employees, determined the work schedules of employees, set the rate of pay for employees, and/or controlled the finances and operations of Defendant Terra. By virtue of such control and authority, Defendant Wickstorm is an employer of Plaintiffs as such term is defined by the FLSA, 29 U.S.C. § 203(d) and the FMWA, § 448.110.

12. Plaintiffs previously brought a lawsuit against Defendants on October 17, 2018, for unpaid minimum wage compensation under the FLSA, with the Case Number 2:18-CV-14429-ROSENBERG/MAYNARD (the "First Lawsuit").

13. On February 12, 2019, a Default Final Judgment was entered against Defendants in the First lawsuit, awarding Plaintiffs their unpaid federal minimum wages through December 22, 2018, as well as liquidated damages.

14. Defendants satisfied the Default Final Judgment from the First Lawsuit as of June 13, 2019.

15. In late December 2018, Defendants demoted Plaintiff Sylvia from bar manager to bartender, and his compensation was supposed to consist of an hourly minimum wage as well as gratuities from customers. Defendants continued to employ Plaintiff Sylvia as a bartender until September 8, 2019.

16. From August 21, 2017, through September 8, 2019, Plaintiff Resmann held the position of bartender for Defendants, and her compensation was supposed to consist of an hourly minimum wage as well as gratuities from customers.

17. From August 21, 2017, through September 8, 2019, Plaintiff Loughran held the position of bartender for Defendants, and his compensation was supposed to consist of an hourly minimum wage as well as gratuities from customers.

18. Despite having had a Default Final Judgment entered against them in the First Lawsuit, Defendants continued to improperly pay Plaintiffs by issuing paychecks whenever Defendants felt like it, rather than on a regularly scheduled basis, frequently leaving Plaintiffs' compensation to consist solely of gratuities received from customers.

19. On or about January 29, 2019, Defendants issued a check to Plaintiff Sylvia wherein he was paid an hourly rate of $5.98 for the 123.5 hours he had worked from December 24, 2018, through January 20, 2019.

20. On or about January 29, 2019, Defendants issued a check to Plaintiff Resmann wherein she was paid an hourly rate of $4.39 for the 138 hours she had worked from December 24, 2018, through January 20, 2019.

21. On or about January 29, 2019, Defendants issued a check to Plaintiff Loughran wherein he was paid an hourly rate of $3.54 for the 131 hours he had worked from December 24, 2018, through January 20, 2019.

22. On or about February 5, 2019, Defendants issued a check to Plaintiff Sylvia wherein he was paid an hourly rate of $5.85 for the 46.5 hours he had worked from January 21, 2019, through February 3, 2019.

23. On or about February 5, 2019, Defendants issued a check to Plaintiff Resmann wherein she was paid an hourly rate of $4.43 for the 54.5 hours she had worked from January 21, 2019, through February 3, 2019.

24. On or about February 5, 2019, Defendants issued a check to Plaintiff Loughran wherein he was paid an hourly rate of $3.54 for the 46 hours he had worked from January 21, 2019, through February 3, 2019.

25. On or about February 15, 2019, Defendants issued a check to Plaintiff Sylvia wherein he was paid an hourly rate of $5.62 for the 27 hours he had worked from February 4, 2019, through February 10, 2019.

26. On or about February 15, 2019, Defendants issued a check to Plaintiff Resmann wherein she was paid an hourly rate of $3.83 for the 38 hours she had worked from February 4, 2019, through February 10, 2019.

27. On or about February 15, 2019, Defendants issued a check to Plaintiff Loughran wherein he was paid an hourly rate of $3.54 for the 23 hours he had worked from February 4, 2019, through February 10, 2019.

28. On or about February 23, 2019, Defendants issued a check to Plaintiff Sylvia wherein he was paid an hourly rate of $6.82 for the 39 hours he had worked from February 11, 2019, through February 17, 2019.

29. On or about February 23, 2019, Defendants issued a check to Plaintiff Resmann wherein she was paid an hourly rate of $7.00 for the 15 hours she had worked from February 11, 2019, through February 17, 2019.

30. On or about February 23, 2019, Defendants issued a check to Plaintiff Loughran wherein he was paid an hourly rate of $3.54 for the 23 hours he had worked from February 11, 2019, through February 17, 2019.

31. On or about March 1, 2019, Defendants issued a check to Plaintiff Sylvia wherein he was paid an hourly rate of $2.89 for the 33 hours he had worked from February 18, 2019, through February 24, 2019.

32. On or about March 1, 2019, Defendants issued a check to Plaintiff Resmann wherein she was paid an hourly rate of $3.75 for the 46 hours she had worked from February 18, 2019, through February 24, 2019.

33. On or about March 1, 2019, Defendants issued a check to Plaintiff Loughran wherein he was paid an hourly rate of $3.54 for the 44 hours he had worked from February 18, 2019, through February 24, 2019.

34. On or about March 23, 2019, Defendants issued a check to Plaintiff Sylvia wherein he was paid an hourly rate of $4.11 for the 127.5 hours he had worked from February 25, 2019, through March 17, 2019.

35. On or about March 23, 2019, Defendants issued a check to Plaintiff Resmann wherein she was paid an hourly rate of $4.02 for the 86.5 hours she had worked from February 25, 2019, through March 17, 2019.

36. On or about March 23, 2019, Defendants issued a check to Plaintiff Loughran wherein he was paid an hourly rate of $4.46 for the 81.5 hours he had worked from February 25, 2019, through March 17, 2019.

37. On or about March 29, 2019, Defendants issued a check to Plaintiff Sylvia wherein he was paid an hourly rate of $3.49 for the 25 hours he had worked from March 18, 2019, through March 24, 2019.

38. On or about March 29, 2019, Defendants issued a check to Plaintiff Resmann wherein she was paid an hourly rate of $4.42 for the 24.5 hours she had worked from March 18, 2019, through March 24, 2019.

39. On or about March 29, 2019, Defendants issued a check to Plaintiff Loughran wherein he was paid an hourly rate of $4.11 for the 21 hours he had worked from March 18, 2019, through March 24, 2019.

40. On or about May 17, 2019, Defendants issued a check to Plaintiff Sylvia wherein he was paid an hourly rate of $4.02 for the 185.9 hours he had worked from March 25, 2019, through May 12, 2019.

41. On or about May 17, 2019, Defendants issued a check to Plaintiff Resmann wherein she was paid an hourly rate of $4.06 for the 203.2 hours she had worked from March 25, 2019, through May 12, 2019.

42. On or about May 17, 2019, Defendants issued a check to Plaintiff Loughran wherein he was paid an hourly rate of $3.43 for the 170.2 hours he had worked from March 25, 2019, through May 12, 2019.

43. On or about September 7, 2019, Defendants issued a check to Plaintiff Sylvia wherein he was paid an hourly rate of $6.68 for the 392.8 hours he had worked from May 13, 2019, through September 1, 2019.

44. On or about September 7, 2019, Defendants issued a check to Plaintiff Resmann wherein she was paid an hourly rate of $6.97 for the 384.5 hours she had worked from May 13, 2019, through September 1, 2019.

45. On or about September 7, 2019, Defendants issued a check to Plaintiff Loughran wherein he was paid an hourly rate of $5.85 for the 370.8 hours he had worked from May 13, 2019, through September 1, 2019.

46. On or about September 24, 2019, Defendants issued a check to Plaintiff Sylvia wherein he was paid an hourly rate of $5.50 for the 16 hours he had worked from September 2, 2019, through September 8, 2019.

47. On or about September 24, 2019, Defendants issued a check to Plaintiff Resmann wherein she was paid an hourly rate of $5.48 for the 23 hours she had worked from September 2, 2019, through September 8, 2019.

48. On or about September 24, 2019, Defendants issued a check to Plaintiff Loughran wherein he was paid an hourly rate of $4.64 for the 15 hours he had worked from September 2, 2019, through September 8, 2019.

49. For multiple weeks during the relevant time period, Plaintiffs worked in excess of 40 hours, but were never paid time and a one half for all hours worked in excess of 40.

50. During the relevant time period, Plaintiff Sylvia worked a total of 12.5 hours of overtime, for which he was not paid time and one half.

51. During the relevant time period, Plaintiff Resmann worked a total of 29.6 hours of overtime, for which she was not paid time and one half.

52. During the relevant time period, Plaintiff Loughran worked a total of 4 hours of overtime, for which he was not paid time and one half.

53. On September 7, 2019, Plaintiffs met with Defendants and complained about Defendants' illegal pay practices and reminded Defendants of the outcome of the First Lawsuit,

pointing out how much more Defendants ended up having to pay then if Defendants had just paid Plaintiffs properly in the first place.

54. In response to Plaintiffs' complaints, Defendants yelled at Plaintiffs, accusing them that their complaints of Defendants' illegal pay practices were the equivalent of extortion and blackmail.

55. Defendants promptly terminated Plaintiffs' employment the very next day, September 8, 2019.

56. The records, if any, concerning the number of hours worked and amounts paid to Plaintiffs should be in the possession and custody of Defendants. Upon information and belief, however, Defendants did not maintain accurate and complete time records of hours worked by Plaintiffs.

## COUNT I – FLSA (29 U.S.C. § 206)
## RECOVERY OF FEDERAL MINIMUM WAGE COMPENSATION

57. Plaintiffs adopt and reallege, as if fully set forth herein, the allegations contained in paragraphs 1 through 56 above.

58. Plaintiffs were entitled to be paid at no less than the Federal Minimum Wage of $7.25 per hour for all hours worked on behalf of Defendants during the time period relevant to this Complaint, specifically December 24, 2018, through September 8, 2019.

59. Defendants knowingly and willfully withheld and/or delayed paying Plaintiffs their wages throughout the relevant time period, and upon finally compensating Plaintiffs for those periods, Defendants failed to pay Plaintiffs the Federal Minimum Wage.

60. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiffs have suffered damages plus incurred costs and reasonable attorneys' fees.

61. As a result of Defendants' willful violations of the FLSA, Plaintiffs are entitled to liquidated damages from Defendants.

62. Plaintiffs have retained the undersigned counsel to represent them in this action, and pursuant to 29 U.S.C. §216(b), they are entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendants.

WHEREFORE, Plaintiffs demand judgment, jointly and severally, against Defendants for the payment of all hours worked by Plaintiffs for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other proper relief, including interest.

## COUNT II - FLSA (29 U.S.C. § 207)
## RECOVERY OF OVERTIME COMPENSATION

63. Plaintiff adopts and realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 56 above.

64. Plaintiffs are entitled to be paid time and one-half of their regular rate of pay for each hour they worked for Defendants in excess of forty (40) hours per week during the time period relevant to this Complaint, specifically December 24, 2018, through September 8, 2019.

65. Defendants knowingly and willfully failed to pay Plaintiffs at time and one-half of their regular rate of pay for all hours worked in excess of forty (40) per week for the relevant time period December 24, 2018, through September 8, 2019.

66. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiffs have suffered damages plus incurred costs and reasonable attorneys' fees.

67. As a result of Defendants' willful violations of the FLSA, Plaintiffs are entitled to liquidated damages from Defendants.

68. Plaintiffs have retained the undersigned counsel to represent them in this action, and pursuant to 29 U.S.C. §216(b), Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendants.

WHEREFORE, Plaintiffs demand judgment, jointly and severally, against Defendants for the payment of all overtime hours worked by Plaintiffs for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other proper relief, including interest.

## COUNT III - FMWA (Fla. Stat. § 448.110)
## RECOVERY OF FLORIDA MINIMUM WAGE COMPENSATION

69. Plaintiffs adopt and reallege, as if fully set forth herein, the allegations contained in paragraphs 1 through 56 above.

70. Plaintiffs were entitled to be paid at no less than the Florida Minimum Wage of $8.25 per hour for all hours worked on behalf of Defendants from December 24, 2018, through December 31, 2018.

71. Plaintiffs were entitled to be paid at no less than the Florida Minimum Wage of $8.46 per hour for all hours worked on behalf of Defendants from January 1, 2019, through September 8, 2019.

72. Defendants knowingly and willfully withheld and/or delayed paying Plaintiffs their wages throughout the relevant time period, and upon finally compensating Plaintiffs for those periods, Defendants failed to pay Plaintiffs the Florida Minimum Wage.

73. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiffs have suffered damages plus incurred costs and reasonable attorneys' fees.

74. As a result of Defendants' willful violations of the FMWA, Plaintiffs are entitled to liquidated damages from Defendants.

75. Plaintiffs have retained the undersigned counsel to represent them in this action, and pursuant to Fla. Stat. §448.110(6)(c), they are entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendants.

WHEREFORE, Plaintiffs demand judgment, jointly and severally, against Defendants for the payment of all hours worked by Plaintiffs for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other proper relief, including interest.

## COUNT IV – 29 U.S.C. §215(a)(3)
## RETALIATION

76. Plaintiffs adopt and reallege, as if fully set forth herein, the allegations contained in paragraphs 1 through 56 above.

77. Defendants willfully and intentionally refused to pay Plaintiffs their legally owed overtime wages and minimum wages as required by the laws of the United States and remain owing to Plaintiffs those wages as set forth above

78. Section 206(a)(3) of the FLSA states that it shall be unlawful for any person "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in such proceeding . . . ."

79. Plaintiffs complained about their unpaid wages and Defendants' unlawful pay practices on September 7, 2019.

80. The very next day, September 8, 2019, Defendants terminated Plaintiffs' employment.

81. The motivating factors, which caused Plaintiffs' discharge as described above, were the complaints about unpaid wages and Defendants' unlawful pay practices. Alternatively,

Plaintiffs would not have been fired but for their complaints about unpaid wages and Defendants' unlawful pay practices.

82. Defendants' termination of Plaintiffs was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Plaintiffs have been damaged.

83. Plaintiffs have suffered and continue to suffer anxiety, depression, feelings of lack of self-worth and rejection due to the actions of Defendants. In addition, as a result of Defendants' actions as described above, Plaintiffs have suffered emotional harm, mental anguish and loss of enjoyment of life

WHEREFORE, Plaintiffs demand judgment, jointly and severally, against Defendants for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and injunctive relief prohibiting Defendants from discriminating in the manner described above, emotional distress, humiliation, pain and suffering, front pay, reasonable attorneys' fees and costs of suit, as well as all other damages recoverable by law under 29 U.S.C. § 216(b).

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable as of right by jury.

Respectfully submitted this 13th day of November, 2019.

By: .s/ Kevin D. Smith
    Kevin D. Smith, Esq.
    Florida Bar No. 0528137
    kevin@kdsmithlaw.com
    Law Offices of Kevin D. Smith, P.A.
    6099 Stirling Road, Suite 101
    Davie, FL 33314
    Tel: (954) 797-9626
    Fax: (954) 239-3956
    Counsel for Plaintiffs